Breitel, J. (dissenting).
The issue in this case is not whether, as stated by the majority, “ the compensation of $1,200 annually to the general partners was intended to cover difficult negotiations involving the sale of the property”. If it were, there might be an issue of fact in the case meriting the denial of summary judgment in favor of plaintiffs. But that is not the issue in the case. The issue is whether the parties expressly provided in unequivocal, unqualified, and unconditional language that “ There shall be no compensation to the said John Guidera and Leo Goodman other than set forth in this paragraph ”, and meant it. Since the parol evidence rule forbids defendants to show that they did not mean what they said, that is the end of the matter, there being no ambiguity, indefiniteness, or vagueness in the entire paragraph to be interpreted or construed (Oxford Commercial Corp. v. Landau, 12 N Y 2d 362, 365).
*310 Essentially, there is no more to be said, unless it be sound jurisprudence for courts, let alone parties, to “after think” the written commitments the parties make, and decide anew in the light of subsequent events what might seem to some a fairer dispostion. But even if a sense of justice might override applicable rules of law, there is no equity in defendants’ position. The dispute is between limited partners, that is, investors with limited knowledge and no control, and the managing general partners of the enterprise. It is the managing partners, or their scrivener, who undoubtedly drafted the agreement, the paragraph, and the clause in question. They alone know the facts of the alleged negotiation for the sale, and, what is much more important, could determine how much or how little effort they would expend. Finally, virtually creating an estoppel, if not establishing the manifested agreement of the parties, binding in law on all of them, is the fact that the limited partners invested their money in an enterprise to be operated and controlled by others on the representation embodied in a covenant that “ There shall be no compensation to the said John Guidera and Leo Goodman other than set forth in this paragraph.” Defendants should not be permitted to avoid their written commitments, relied on by those who trusted them. The only recourse they had, if they really thought they were entitled to additional compensation not provided for in the agreement, was to go, in advance, to the limited partners, and ask them frankly for a modification of the old, or to make a new agreement.
Moreover, the basis for the decisions below should not be misapprehended. Compensation was precluded not only because of the provision in the articles but also upon the well-settled principle that a partner is not entitled to remuneration for services rendered by him on behalf of the firm, unless the parties expressly agree to such compensation (Partnership Law, § 40, subd. 6; § 98; N. J. Stat. Ann., § 42:1-18, subd. f; § 42:2-13; 7 Uniform Laws Ann., § 18, subd. [f]; 8 Uniform Laws Ann., § 9). This principle has been strictly enforced by the courts (see, e.g., Levy v. Leavitt, 257 N. Y. 461, 468-469, a case involving “ unexpected obstacles ” which called forth “ extraordinary exertions ”; Condon v. Moran, 11 N. J. Super. 221, 223; Bell v. Perry, 110 N. J. Eq. 365). The result, therefore, is dictated *311 by statute, by principle, by the agreement of the parties, and by defendants’ admission that there was no expressed agreement to compensate.
Not, as has been suggested, is there any issue in the case whether the “ services ” performed by defendants were within or outside the ambit of the partnership agreement. If the services were not within the ambit of the agreement, defendants had no authority to act, and no right to compensation in quantum meruit or otherwise, because they would be mere volunteers as to the others, motivated only by a concern for their own investments.
Lastly, in order for there to be an issue of fact there must be controverted issues. None has been proffered. No evidentiary proof is suggested to establish prior negotiations, intent, motive, or understandings of fact—the stuff of parol evidence when it is admissible. Defendants do not deny any of the facts upon which plaintiffs rely, and plaintiffs do not dispute that defendants had something to do with the sale of the property. Only an issue of law is raised to which there is but one answer if statute, rule, and precedent are accorded respect.
Accordingly, I dissent and vote to affirm.
Judges Scileppi, Bergan and Gibson concur with Judge Burke; Judge Breitel dissents and votes to affirm in a separate opinion in which Chief Judge Fuld and Judge Jasen concur.
Order reversed, without costs, and case remitted to Special Term for further proceedings in accordance with the opinion herein.